IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERY MICHAEL RYANS,<br><br>Defendant. | CASE NO: 2:21-cr-388-TS<br><br>ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND SETTING A NEW TRIAL DATE<br><br>Judge Ted Stewart |

Having considered the United States of America's Motion to Exclude Time under the Speedy Trial Act and to Set a New Trial Date, as well as the District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, and 21-015, regarding the Coronavirus Pandemic, the court hereby finds as follows:

The Defendant first appeared before a judicial officer on November 1, 2021, the date of arraignment. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 10, 2022. Trial was previously scheduled to begin on January 10, 2022.

Beginning on March 13, 2020, the court entered numerous general orders dealing with court operations during the COVID-19 pandemic and suspending jury selection and jury trials. *E.g.*, D. Ut. General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001 (incorporated herein by reference). The orders contained facts about the state of the COVID-19 health crisis, including the procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah Governor's Stay Safe, Stay Home directive.

By court order, time was excluded from the speedy trial calculation pursuant to the ends of

justice exclusion under 18 U.S.C. § 3161(h)(7)(A).  For example, in April 2020, the court

explained:

> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be
> a rarely used tool for those cases demanding more flexible treatment." [*United States v.*
> *Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]  The Court nevertheless concludes an
> "ends of justice" finding is necessary and appropriate in the District of Utah at this time.
> The expanding number of COVID-19 infections, hospitalizations, and deaths nationally
> and in Utah, demand modifications to court practices to protect public health.  Courts and
> court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical
> functions of the federal judiciary – even during the COVID-19 outbreak – the need to
> protect the public health in the midst of the ongoing deadly COVID-19 pandemic
> outweighs the important rights of individual defendants and the public to speedy trials at
> this time.  The Court reaches this conclusion after carefully balancing the factors set forth
> in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time
> through June 15, 2020, from the respective speedy trial periods, is necessary to protect the
> health and safety of jurors and prospective jurors, court staff and employees, criminal
> defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody
> defendants in this District are held at local jails under the direct control of the State of
> Utah and individual counties.  The Court is experiencing significant restrictions on access
> to federal defendants during this outbreak.  Travel restrictions further impair the ability of
> counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the
> current environment makes it nearly certain that the Court cannot obtain an adequate
> spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial
> are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and
> judges all be present in the courtroom in relatively close proximity.  Empaneling a jury,
> conducting a trial, and facilitating jury deliberations, all with due regard for health and
> safety, is simply not possible in the physical facilities available to the court.  Video and
> audio conferencing, used for hearings, are not available for trials.  Counsel's ability to
> adequately prepare for trial, including locating and consulting with witnesses, and
> defense counsel's ability to effectively confer with defendants, are also greatly
> diminished under these circumstances.

D. Ut. General Order 20-012 at 3-4.  The order further stated that "[j]udges are encouraged to

enter speedy trial orders in the cases over which they preside."  *Id.* at 5.

Similar orders were entered until March 16, 2021, when the court announced it was

moving to Phase II of its phased reopening plan, effective April 1, 2021.  D. Ut. General Order

21-003.  The Order explained that a limited number of continuous, consecutive, criminal jury

trials would take place, beginning on April 29, 2021, and time would be excluded under the

Speedy Trial Act. *Id.* at 4, 6-7.

> The Court explained:

> The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. Notwithstanding that the number of vaccinated Utahns is rapidly increasing and new daily cases of COVID-19 in Utah are consistently falling in recent months, we remain in the midst of the most serious global pandemic in over a century. Globally, nearly 120 million people have been infected, and more than 2,600,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. State and federal courts are only now beginning to carefully move towards safely reopening.

> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government. Among other things, the CDC strongly recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others. These and other measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

> There are nationwide now over 29 million confirmed cases of Americans infected with COVID-19, resulting in over 530,000 deaths. Utah has now confirmed nearly 400,000 cases, resulting in over 15,000 hospitalizations and more than 2,000 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states. Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction of variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions have improved to a point that the Court finds those safety concerns can be adequately protected while simultaneously expanding access to mission critical judicial functions with [certain] limitations[.]

*Id.* at 3-4.

> The Court continued criminal trials through June 30, 2021, and explained:

**Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between April 1, 2021, through June 30, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through June 30, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court now concludes it is possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this

Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

On June 30, 2021, the court issued another General Order keeping the District of Utah in

Phase II of its reopening plan. D. Ut. Order 21-007. The order stated:

The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines is falling even as daily cases of COVID-19 in Utah are increasing. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 180 million people have been infected, and nearly 4,000,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. State and federal courts are beginning to carefully move towards safely reopening as conditions in different regions of the country permit.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

There are nationwide now over 33 million confirmed cases of Americans infected with COVID-19, resulting in over 600,000 deaths. Utah has now confirmed more than 400,000 cases, resulting in over 17,000 hospitalizations and approximately 2,300 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant is quickly spreading in Utah. The state has been trending in recent weeks towards greater infection and more serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are steadily dropping.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through July 31, 2021[.]

*Id.* at 3-4.

With respect to criminal jury trials, the court ordered the following:

Criminal Jury Trials:  Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse.  The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled.  The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time.  Additional jury trials will be scheduled accordingly.  Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

*Id.* at 4-5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, and 21-003, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between June 30, 2021, and July 31, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through July 31, 2021 from the respective speedy trial periods, is necessary to protect the

health and safety of jurors and prospective jurors, court staff and employees, criminal
defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct
control of the State of Utah and individual counties.  The Court continues to experience
restrictions on access to federal defendants during this outbreak.  Travel restrictions
further impair the ability of counsel and witnesses to appear for Grand Jury proceedings
or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving
COVID-19 conditions in Utah.  Trial requires that jurors, counsel, parties, witnesses,
court personnel, and judges all be present in the courtroom in relatively close proximity.
Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to
safely host only one jury trial at a time in space available in the courthouse.  Empaneling
and hosting more than one jury at a time, conducting more than one trial at a time, and
facilitating jury deliberations, all with due regard for health and safety, is simply not
currently possible in the physical facilities available to the court.  Video and audio
conferencing, used for hearings, are not available for criminal jury trials.  Counsel's
ability to adequately prepare for trial, including locating and consulting with witnesses,
and defense counsel's ability to effectively confer with defendants, are also greatly
diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside.
Judges presiding over criminal proceedings may take such actions consistent with this
Order as may be lawful and appropriate to ensure the fairness of the proceedings and
preserve the rights of the parties – particularly where defendants are detained pending
trial. Any motion by a criminal defendant seeking an exception to any provision of this
Order should be directed to the assigned judge.

*Id.* at 6-7.

On July 22, 2021, the court issued another General Order keeping the District of Utah in

Phase II of its reopening plan.  D. Ut. Order 21-009.  The order stated:

The Court continues to monitor closely the state of the COVID-19 health crisis in Utah
and around the nation.  The number of Utahns receiving vaccines is falling even as daily
cases of COVID-19 in Utah are increasing.  Utah and the nation remain in the midst of
the most serious global pandemic in over a century.  Globally, it is estimated that more
than 190 million people have been infected, and over 4 million have died from the
disease.  The Judicial Conference of the United States has found that emergency
conditions due to the national COVID-19 crisis have affected and continue to materially
affect the functioning of the federal courts.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to
combat the spread of the disease, and to promote the health and well-being of the nation.

The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

There are nationwide now nearly 34 million confirmed cases of Americans infected with COVID-19, resulting in over 600,000 deaths. And case numbers are rising nationwide in virtually every state. Utah has now confirmed more than 426,000 cases, resulting in over 18,200 hospitalizations and slightly more than 2,400 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant is quickly spreading in Utah. The state has been trending in recent weeks towards greater infection and more serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are steadily dropping.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through August 31, 2021[.]

*Id.* at 3-4.

With respect to criminal jury trials, the court ordered the following:

Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

*Id.* at 4-5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, and 21-007, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic, the period of time between July 31, 2021, and August 31, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through August 31, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this

Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

On August 27, 2021, the court issued another General Order keeping the District of Utah

in Phase II of its reopening plan. D. Ut. Order 21-012. The order stated:

The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines is beginning to gradually increase in response to notable increases in daily cases of COVID-19 in Utah. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 213 million people have been infected, and nearly 4.5 million have died from the disease. It's likely that those numbers significantly underestimate the actual cases and deaths. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

There are nationwide now well over 38 million confirmed cases of Americans infected with COVID-19, resulting in over 630,000 deaths. And case numbers are rapidly rising nationwide in virtually every state. Utah has now confirmed more than 458,000 cases, resulting in nearly 20,000 hospitalizations and slightly more than 2,600 deaths. COVID-19 test positivity rates in Utah remain significantly above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant has quickly become the dominant variant in Utah. The state has been trending in for many weeks towards greater infection and more serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately

managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through October 31, 2021[.]

*Id*. at 3-4.

With respect to criminal jury trials, the court ordered the following:

Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse.  The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled.  The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time.  Additional jury trials will be scheduled accordingly.  Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

*Id.* at 5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, and 21-009, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic[,] the period of time between August 31, 2021, and October 31, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time

through October 31, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

On October 27, 2021, the court issued another General Order keeping the District of Utah

in Phase II of its reopening plan. D. Ut. Order 21-015. The order stated:

The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines has remained concerningly low in recent months notwithstanding what has clearly been the second most serious sustained wave of daily cases of COVID-19 in Utah since the inception of the pandemic. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that nearly 250 million people have been infected, and approximately 5 million have died from the disease. It's likely that those numbers significantly underestimate the actual cases and deaths. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

There are nationwide now well over 45 million confirmed cases of Americans infected with COVID-19, resulting in over 730,000 deaths. And while case numbers are generally in a several-month decline nationwide, infection rates remain at levels sufficient to continue the spread of the disease. Utah has now confirmed more than 540,000 cases, resulting in nearly 24,000 hospitalizations and more than 3,000 deaths. COVID-19 test positivity rates in Utah remain significantly above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant remains the dominant variant in Utah. The state has been unable for many months reduce infection and diminish serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding at disappointing levels in Utah[,] the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.
Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through January 31, 2022[.]

*Id.* at 3-4.

With respect to criminal jury trials, the court ordered the following:

Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

13

*Id.* at 5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20- 029, 20-030, 21-001, 21-003, 21-007, 21-009, and 21-012 including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between October 31, 2021, and January 31, 2022, is hereby EXCLUDED from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through January 31, 2022 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. V Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses,

14

and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-8.

Given the grave public-health concerns reflected in this court's recent general orders, the inability to conduct more than one trial at a time, and the facts set forth in the United States' motion, which the Court incorporates fully here, the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

Failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and court personnel at unnecessary risk.

Due to the restrictions imposed by current public-health concerns it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.      The trial in this matter is continued from January 10, 2022 to April 25, 2022.

2.      The time period of January 10, 2022 to April 25, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this 7th day of December, 2021.

BY THE COURT:

_____
The Honorable Ted Stewart
United States District Court Judge

16